IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNATHAN TAYLOR                                                                        PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:13cv857-FKB

MANAGEMENT & TRAINING
CORPORATION, et al.                                                                  DEFENDANTS

ORDER

Johnathan Taylor, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at East Mississippi Correctional Facility. On November 11, 2014, Defendants filed a motion for summary judgment based on failure to exhaust administrative remedies. [23]. Plaintiff has filed no response to the motion. The Court concludes that the motion should be granted.

In his complaint and his testimony at the *Spears* hearing, Plaintiff alleged a host of complaints regarding his incarceration: That he has received two rule violation reports without being afforded a hearing, causing him to remain housed in long-term segregation; that living conditions on his unit are unsafe and unsanitary; that on October 22, 2013, Sgt. Pulliam used excessive force against him and then denied him medical treatment for his injuries; that he was sprayed with pepper spray for requesting medical attention; and that he has no access to the law library.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). The requirement that claims be exhausted

prior to the filing of a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).  Defendants' evidence submitted in support of their motion establishes that Plaintiff has failed to exhaust his administrative remedies with regard to any of his claims.[1]  For this reason, Defendants' motion is granted, and Plaintiff's complaint is dismissed without prejudice.

      A separate order of dismissal will be entered.

      So ordered, this the 20th day of February, 2015.

                                   /s/ F. Keith Ball
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff submitted grievances regarding the alleged use of force by Sgt. Pulliam and the pepper-spraying incident.  However, after receiving his first step response, he failed to proceed to the second step or complete the prison's administrative remedy process.  He has submitted no requests concerning the other matters alleged in this action.